UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOVER BAY SPECIALTY                                    CIVIL ACTION
INSURANCE COMPANY
                                                       NO. 21-26
VERSUS
                                                       SECTION M (4)
LG ELECTRONICS U.S.A., INC.

## ORDER & REASONS

Before the Court is a motion by defendant LG Electronics U.S.A., Inc. ("LG") to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[1] Plaintiff Dover Bay Specialty Insurance Company ("Dover Bay") responds in opposition,[2] and LG replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law the Court issues this Order & Reasons.

**I.      BACKGROUND**

This action concerns a house fire allegedly started by a faulty portable air conditioner. On July 26, 2020, Lateisha Stephens's residence in Gretna, Louisiana, was substantially damaged by a fire.[4] A preliminary investigation allegedly determined that the fire was caused by an electrical failure within the air conditioner, which was designed, manufactured, assembled, sold, and/or distributed by LG.[5] Stephens's damages were covered by her Dover Bay homeowner's insurance policy, and the insurer paid all of Stephens's claims, less the applicable deductible.[6]

---

[1] R. Doc. 8.
[2] R. Doc. 11.
[3] R. Doc. 14.
[4] R. Doc. 1-2 at 1.
[5] *Id.*
[6] *Id.* at 2.

On November 30, 2020, Dover Bay filed this suit against LG alleging that it was subrogated to Stephens's claims against LG.[7] Dover Bay asserts that LG is liable for negligence and fault in manufacturing, assembling, marketing, and selling a product that was unreasonably dangerous: (1) in construction or composition; (2) in design; (3) because an adequate warning about the product was not provided; (4) for failure to adequately warn users of the risks and dangers of the product subsequent to acquiring such knowledge; and (5) for breaching an express or implied warranty of fitness for a particular purpose.[8]

Dover Bay also alleges that the air conditioner (including its component parts) was "defective, absolutely useless for its intended purpose, and/or its use so inconvenient and imperfect that Latiesha Stephens would not have purchased [it] had she known of the defect(s)."[9] And, as a result, Stephens is entitled to a full or partial return of the purchase price, interest, costs associated with the sale, consequential damages, and attorney's fees.[10]

## II.   PENDING MOTION

In its motion, LG argues that Dover Bay's complaint should be dismissed with prejudice because it fails to make any reference to a claim under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51-.60, which is the exclusive remedy for any cause of action predicated on negligence or warranty.[11] LG further argues that, even if the complaint can be construed as asserting an LPLA claim, Dover Bay has not pleaded enough facts to allege a

---

[7] *Id.* Dover Bay filed this action in Louisiana state court, and LG removed it to this Court on the basis of diversity subject-matter jurisdiction. R. Doc. 1.
[8] R. Doc. 1-2 at 1-2.
[9] *Id.* at 2.
[10] *Id.*
[11] R. Doc. 8-1 at 4-7.

2

plausible LPLA claim.[12]  Finally, LG argues that attorney's fees are not recoverable under the LPLA.[13]

In opposition, Dover Bay argues that, although its complaint does not include the "magic word" LPLA, it does allege that LG is liable under the LPLA's four theories of recovery, and that Dover Bay has alleged sufficient facts to state such a claim.[14]  Dover Bay maintains that it should not be required to plead facts that are in the manufacturer's control and can be revealed in discovery.[15]  Dover Bay also argues that it has stated a redhibition claim for economic damages, which is not subsumed by the LPLA, and such claim allows for recovery of attorney's fees.[16]  Finally, Dover Bay argues that it should be permitted to amend its complaint to add more facts to cure any deficiencies in its pleading of the LPLA and redhibition claims.[17]

### III.  LAW & ANALYSIS

#### A.  Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements

---

[12] *Id.* at 7-16.
[13] *Id.*
[14] R. Doc. 11 at 3-10.
[15] *Id.*
[16] *Id.* at 10-11.
[17] *Id.* at 11-14.

3

of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's

4

likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)). Motions to dismiss are disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## B. The Louisiana Products Liability Act

The LPLA prescribes "the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. 9:2800.52. Under the LPLA, a plaintiff may only recover against a manufacturer "for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably

anticipated use of the product by the claimant or another person or entity." *Id.* 9:2800.54(A). The statute further limits recovery for damage resulting from "unreasonably dangerous" characteristics to four theories of liability: (1) unreasonably dangerous in construction or composition;[18] (2) unreasonably dangerous in design;[19] (3) unreasonably dangerous for failure to provide an adequate warning;[20] and (4) unreasonably dangerous for nonconformity to an express warranty.[21] *Id.* 9:2800.54(B). The unreasonably dangerous characteristic "must exist at the time the product left the control of its manufacturer." *Id.* 9:2800.54(C). The plaintiff bears the burden of proving each of these elements of an LPLA claim. *Id.* 9:2800.54(D); *see also Johnson v. Transwood, Inc.*, 2015 WL 5680369, at *3 (M.D. La. Sept. 25, 2015) (an unreasonably dangerous condition is not presumed solely because an injury occurred).

1. **Unreasonably dangerous in construction or composition**

"A product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." La. R.S. 9:2800.55. "Accordingly, a claimant must demonstrate not only what a manufacturer's specifications or performance standards are for a particular product, but how the product in question materially deviated from those standards so as to render it 'unreasonably dangerous.'" *Welch v. Technotrim, Inc.*, 778 So. 2d 728, 733 (La. App. 2001) (citations omitted).

---

[18] *See* La. R.S. 9:2800.55.
[19] *See id*. 9:2800.56.
[20] *See id.* 9:2800.57.
[21] *See id.* 9:2800.58.

## 2. Unreasonably dangerous in design

Section 9:2800.56 of the LPLA defines a product that is "unreasonably dangerous in design" as one that "if, at the time the product left its manufacturer's control," the following elements are met:

(1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and

(2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product.

A plaintiff must prove "that an alternative design existed" at the time the product was manufactured and perform a risk-utility analysis whereby "the risk avoided by using the alternative design (magnitude of damage discounted by the likelihood of its occurrence) would have exceeded the burden of switching to the alternative design (added construction costs and loss of product utility)." *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 701 (5th Cir. 2012) (quotation marks and citation omitted). The proposed alternative design "must be reasonably specific and not based on mere speculation." *Moore v. BASF Corp.*, 2012 WL 6025917, at *4 (E.D. La. Dec. 4, 2012) (citing *Seither v. Winnebago Indus., Inc.*, 853 So. 2d 37, 41 (La. App. 2003)).

## 3. Unreasonably dangerous because of inadequate warning

Under the third theory of LPLA liability, a manufacturer must exercise reasonable care to give an adequate warning for a product that "possessed a characteristic that may cause damage" at the time the product leaves its manufacturer's control. A manufacturer is liable for failure to exercise reasonable care in providing an adequate warning of the characteristic and its danger to users and handlers of the product. La. R.S. 9:2800.57(A). A manufacturer has a continuing duty

7

to provide an adequate warning after the product leaves its control when the manufacturer obtains actual knowledge about "a characteristic of the product that may cause damage and the danger of such characteristic, or who would have acquired such knowledge had he acted as a reasonably prudent manufacturer." *Id.* 9:2800.57(C). However, a manufacturer is not liable for failing to provide an adequate warning when:

> (1) The product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics; or
>
> (2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.

*Id.* 9:2800.57(B).

To prevail on an inadequate warning claim, a plaintiff must not only show that the warning provided was inadequate but also propose "an adequate warning which if provided 'would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product in such a manner as to avoid the danger for which the claim was made.'" *Seither*, 853 So. 2d at 42 (quoting the definition of "adequate warning" set out in La. R.S. 9:2800.53(9)) (dismissing plaintiff's inadequate warning claim where plaintiff presented no expert testimony concerning warnings or any language of a proposed adequate warning). Additionally, a plaintiff must demonstrate that the unreasonably dangerous condition which gives rise to the need for the warning existed at the time the product left the control of its manufacturer or resulted from a reasonably anticipated alteration or modification of the product. La. R.S. 9:2800.54(C).

### 4. Unreasonably dangerous because of nonconformity to express warranty

Section 9:2800.58 of the LPLA defines a product as unreasonably dangerous "when it does not conform to an express warranty made at any time by the manufacturer about the product if the

express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue."

### C. Pleading An LPLA Claim

With respect to properly pleading an LPLA claim, the Fifth Circuit has stated that "the question at the motion to dismiss stage is not whether [the plaintiff] has *proven* the elements to succeed on a products liability claim, or even whether he has made 'detailed factual allegations'"; rather, "[t]he question is whether [the plaintiff] has plausibly alleged enough information that, *with discovery,* he could prove the [m]anufacturing [d]efendants are liable under the LPLA." *Flagg v. Stryker Corp.*, 647 F. App'x 314, 319 (5th Cir. 2016) (citations omitted; emphasis in original). "Requiring … plaintiffs to plead extremely 'detailed factual allegations' that satisfy each element of a products liability action under the LPLA creates a situation where a manufacturer will not be held liable for defective products because it has sole possession of the necessary document to ultimately prove the claim." *Id.* at 317-18 (citations omitted). Yet, a complaint must include more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Id.* at 318 (finding allegation precisely conveyed "how the product failed and how that failure caused his injury" and how the product "deviated from the normal specifications and performance standards" and other manufactured products).

In this case, although Dover Bay's complaint recites the statutory elements of an LPLA claim, it does not include enough information or factual enhancement to create facial plausibility for any of the LPLA's theories of recovery, other than the claim that the fire was allegedly caused by an electrical failure within the LG air conditioner.[22] Dover Bay sets out several factual details in its memorandum in opposition to the motion to dismiss, indicating that these facts can be

---

[22] R. Doc. 1-2 at 1-2.

included in an amended complaint.[23]  Because Dover Bay has not yet alleged "sufficient information to 'raise a reasonable expectation that discovery will reveal evidence' to support [LG's] liability" under the LPLA, *id.* at 317 (quoting *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)), but has shown the possibility it can do so, Dover Bay shall have 14 days in which to file a superseding amended complaint to cure the pleading deficiencies in its LPLA claim.

### D. Redhibition

Under Louisiana law, sellers impliedly warrant buyers against redhibitory defects, or vices, in the thing sold. La. Civ. Code art. 2520. A seller is liable to a buyer for a redhibitory defect when: (1) the thing sold is either absolutely useless for its intended purpose or its use is so inconvenient or imperfect that had the buyer known of the defect, he or she would not have purchased it; (2) at the time of the sale, the thing sold contained a defect that was neither known nor apparent to the buyer; and (3) the seller was afforded an opportunity to repair the defect. *See Alston v. Fleetwood Motor Homes of Ind., Inc.*, 480 F.3d 695, 699 (5th Cir. 2007). A buyer has a duty to inspect the item for defects. *See, e.g., Crow v. Laurie,* 729 So. 2d 703, 707-08 (La. App. 1999) (citing *Pursell v. Kelly*, 152 So. 2d 36, 41 (La. 1963)). Whether an inspection is reasonable depends on the facts of the case, including such factors as the knowledge and expertise of the buyer, the opportunity for inspection, and the assurances made by the seller. *See Merlin v. Fuselier Constr., Inc.,* 789 So. 2d 710, 715 (La. App. 2001); *see also Lemaire v. Breaux,* 788 So. 2d 498, 501 (La. App. 2001) (requiring the buyer to conduct an investigation "as would be conducted by a reasonably prudent buyer acting under similar circumstances").

Although the LPLA is the exclusive remedy for damages caused by a product, redhibition claims are preserved to plaintiffs but "only to the extent the claimant seeks to recover the value of

---

[23] R. Doc. 11 at 11-13. The Court is not now ruling that adding these factual allegations alone will suffice to state an LPLA claim.

the product or other economic loss." *De Atley v. Victoria's Secret Catalogue, LLC*, 876 So. 2d 112, 115 (La. App. 2004); *see also NAZ LLC v. Philips Healthcare*, 2018 WL 5847862, at *7 (E.D. La. Nov. 18, 2018) (discussing the LPLA's limiting effect on a redhibition claim, and stating "a plaintiff must bring an action under the LPLA to recover all damages caused by a product, except for damage to the product itself and economic loss sought under the Chapter 9 Redhibition articles"). Moreover, redhibition does allow for the recovery of reasonable attorney's fees. La. Civ. Code art. 2545.

Dover Bay alleges the basic legal elements of a redhibition claim against LG but not any specific facts supporting these elements.[24] To allege further factual detail concerning its redhibition claim, Dover Bay is permitted 14 days within which to file a superseding amended complaint.[25]

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Dover Bay has fourteen (14) days from the date of this Order & Reasons to seek leave of court to file an amended complaint curing the deficiencies described herein, to the extent they can be cured considering the applicable law.[26]

IT IS FURTHER ORDERED that if Dover Bay fails to cure the pleading deficiencies in the allotted time, LG's motion to dismiss (R. Doc. 8) will be granted, dismissing Dover Bay's complaint.

---

[24] R. Doc. 1-2 at 2.
[25] Dover Bay acknowledges that it intends only to assert LPLA and redhibition claims. R. Doc. 11 at 4. Thus, any proposed amended complaint shall include only those claims.
[26] Rule 15 allows a court to grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has recognized that "[i]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of the pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

New Orleans, Louisiana, this 25th day of March, 2021.

*[signature]*
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE